IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

COURTER RESOURCE GROUP, LLC,

                     Plaintiff,

v.

PROPPANT SPECIALISTS, LLC,
FTS INTERNATIONAL SERVICES, LLC, and
FML SAND, LLC,

                     Defendants.

ORDER

14-cv-79-slc

On February 6, 2014, defendants Proppant Specialists, LLC and FTS International Services, LLC filed a notice of removal in this civil diversity action for breach of contract and unjust enrichment that plaintiff Courter Resource Group, LLC (CRG) commenced in the Circuit Court for Trempealeau County, Wisconsin.  Dkt. 1.  On April 11, 2014, CRG amended its complaint and added FML Sand, LLC as a defendant.  Dkt. 8.  Although the notice of removal identified the specific citizenship of CRG, Proppant Specialists and FTS International, the amended complaint does not identify the citizenship of FML Sand or the citizenship of its members.  As a result, the court is not able to conclude whether complete diversity of citizenship exists in this case.

The first question in any lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists.  *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010).  Section 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant.  28 U.S.C. § 1332(a)(1); *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).

In the amended complaint, CRG alleges that FML Sand has its principal place of business in Ohio.  Dkt. 8.  However, the citizenship of a limited liability company is the citizenship of each of its members.  *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date

the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Because CRG has not alleged the citizenship of the members of FML Sand, the court cannot determine whether that party is diverse with respect to CRG.

Therefore, IT IS ORDERED that CRG has until June 27, 2014 to submit verification of the citizenship of the members of defendant FML Sand (an affidavit or stipulation would do). In complying with this order, CRG should keep in mind that for the purpose of diversity jurisdiction, the citizenship and not the residency of a party is what matters for diversity jurisdiction purposes. *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008); *Meyerson v. Harrah's East Chicago Casino*, 299 F .3d 616, 617 (7th Cir. 2002). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which [he] has the intention of returning whenever he is absent therefrom." Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Corporations are citizens of the states in which they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F. 2d 1220, 1223 (7th Cir. 1991)).

Entered this 13th day of June, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge